IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETS

------------------------------------------------------------------- x

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation, | : CASE NO. : |
| Plaintiff, | : COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF |
| v. | : |
| A.W. CHESTERTON COMPANY, a Massachusetts corporation; And DOES 1 Through 100; | : |
| Defendants. | : JURY TRIAL DEMANDED |

------------------------------------------------------------------- x

## COMPLAINT

Plaintiff, E.I. du Pont de Nemours and Company ("DuPont"), by and through its undersigned counsel, for its Complaint against defendant A.W. Chesterton Company ("Chesterton") alleges as follows:

## Nature of Action

1. This is an action for trademark infringement, trademark counterfeiting, unfair competition, trademark dilution and other related causes of action under federal, state and common law arising from the unauthorized use by defendant of DuPont's famous TEFLON® mark.

## The Parties

2. DuPont is a Delaware corporation with a principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

3. DuPont is a science company engaged in the development, manufacture, sale and distribution of a wide variety of products and ingredients in the United States and throughout the world.

4. Upon information and belief, defendant Chesterton is a Massachusetts corporation, with a principal place of business at 500 Unicorn Park Drive, Woburn, Massachusetts 01801.

5. Upon information and belief, defendant Chesterton is engaged in the promotion and sale of various products in the United States, including in this District, at its business location and through its website at www.chesterton.com.

6. The true names and capacities of Defendants DOES 1 through 100 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortiously, and caused damage to the Plaintiff as herein alleged.  When Plaintiff ascertains the true names and capacities of DOES 1 through 100, it will ask leave of this court to amend its Complaint by setting forth the same.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was and is an agent, servant, employee and/or partner of each of the other Defendants, and all of the things alleged to have be done by said Defendants were done in the capacity, and as the agent, servant, employee, and/or partner of the other Defendants.

**Jurisdiction and Venue**

8. Jurisdiction of this Court is based on 28 U.S.C. §1332(a)(1) (Diversity Jurisdiction), 28 U.S.C. §1338(a) and (b) (Acts of Congress relating to trademarks and related actions), Sections 39 and 43(a) and (c) of the United States Trademark Act of 1946 ("Lanham Act"), as amended (15 U.S.C. §1121 and 1125(a)(c)), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction. The amount in question exceeds $75,000.

9. Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

**DuPont's Use and Ownership of the TEFLON® Mark**

10. In the late 1930's, DuPont discovered a method to polymerize tetrafluoroethylene to form a fluoropolymer compound known as polytetrafluoroethylene ("PTFE"). PTFE is both slippery and chemically inert making it ideal for use in a wide variety of different products.

11. In approximately 1944, DuPont adopted and began to use the fanciful name and mark TEFLON® ("TEFLON® Mark") for its PTFE products and began to sell TEFLON® brand PTFE directly to manufacturers and others for use in a wide variety of products.

12. DuPont TEFLON® fluoropolymer products have been a tremendous commercial success. Since 1944, DuPont has generated millions of dollars in revenue from the sale of TEFLON® products and the licensing of the TEFLON® Mark.

13. DuPont and its related companies have spent millions of dollars in the advertising and promotion of the TEFLON® Mark and the products sold under the TEFLON® Mark.

14. As a result of the quality of the DuPont TEFLON® fluoropolymer products and the extensive sales, licensing and marketing, advertising and promotion of these products under the TEFLON® Mark by DuPont and its related companies, the TEFLON® Mark has become a famous trademark that is widely and favorably known by consumers in the United States and elsewhere as designating high quality and dependable products originating exclusively from DuPont and its related companies.

15. The TEFLON® Mark has been famous in the United States and elsewhere since long prior to the acts complained of herein.

16. DuPont is the exclusive owner of a number of United States Trademark Registrations for the TEFLON® Mark for a variety of products and ingredients dating back to 1946. These include: a) Reg. No. 418,698 for the mark TEFLON® for "synthetic resinous fluorine-containing polymers in the form of molding and extruding compositions, fabricated shapes - namely, sheets, tubes, tape and filaments, and emulsions"; b) Reg. No. 559,331 for TEFLON® for "polytetrafluoroethylene coatings in the nature of paints and varnishes"; c) Reg. No. 623,605 for TEFLON® for "fibers and filaments in the nature of threads and yarns adapted to be used in making fabrics"; d) Reg. No. 676,166 for TEFLON® for "films or sheets made from polymers of fluorinated hydrocarbons for use in packaging applications, in electrical and non-electrical insulation, as protective liners for containers and equipment, in tapes, in machinery parts, in

covering, coating, and packing substances, in hose and piping, and for general use in the industrial arts"; e) Reg. No. 827,105 for TEFLON® for "coatings in the nature of paint, based on fluorine-containing resins"; f) Reg. No. 835,374 for TEFLON–S® for "stratified non-stick and self-lubricating finishes for use as industrial and consumer product coatings for bearings, idler rolls, ceramic resistors, hand saws, lawn and garden tools, and the like"; g) Reg. No. 1,111,147 for TEFLON® for "chemical compound in the nature of a textile finish with oil, water, and stain repellant characteristics"; h) Reg. No. 1,592,650 for TEFLON® for "fluorine-containing polymers in resin and dispersion form for use as additives in inks, plastics, lubricants, coating, and other host materials where attributes such as lubricity, friction reduction, nonstick, and temperature and chemical resistance are desired"; i) Reg. No. 2,601,355 for TEFLON® for "windshield wiper blades"; and j) Reg. No. 3,206,677 for TEFLON® for "cleaning preparations, shampoos, wax and polish for automobiles".

17. All of the above-identified registrations remain in full force and effect and are *prima facie* proof of DuPont's exclusive rights to own and use the TEFLON® Mark. In addition, all of the above registrations are incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065).

**Misuse By Defendant Chesterton of the TEFLON® Mark**

18. Upon information and belief, defendant Chesterton is a manufacturer and distributor of mechanical seals, packing, gasketing, hydraulic and pneumatic sealing devices, industrial fluid sealing systems, high performance coatings, cleaners, lubricants and specialty industrial maintenance products.

19. Upon information and belief, defendant Chesterton offers for sale and sells some products in connection with the TEFLON® Mark that do not contain genuine DuPont TEFLON® fluoropolymer or otherwise are not authorized to be sold under the TEFLON® Mark ("Chesterton Unauthorized Products").

20. Upon information and belief, notwithstanding the lack of authorization from DuPont and the fact that said Chesterton Unauthorized Products do not contain genuine DuPont fluoropolymer or otherwise are not authorized to be sold under the TEFLON® Mark, defendant Chesterton has made repeated unauthorized use of the TEFLON® Mark in connection with said products and services, as described below, with the intent to mislead and confuse consumers into believing that said Chesterton Unauthorized Products contain genuine DuPont fluoropolymer or that said Chesterton Unauthorized Products are otherwise authorized or licensed by DuPont and with the intent of misappropriating, for its own benefit, the tremendous goodwill built up by DuPont in the TEFLON® Mark.

21. In particular, defendant Chesterton has improperly used the TEFLON® Mark in its advertising and promotional materials for said Chesterton Unauthorized Products as well as on its Internet website at www.chesterton.com and otherwise has falsely stated or implied that said Chesterton Unauthorized Products contain genuine DuPont fluoropolymer or that its use of the TEFLON® Mark is authorized or licensed by DuPont.

Case 1:11-cv-10389-JCB   Document 1   Filed 03/08/11   Page 7 of 17

22. Upon information and belief, defendant Chesterton has also used the TEFLON® Mark and variations thereon as "title," "keyword" or "content" metatags in connection with its website in an attempt to mislead the public and to attract and misdirect potential consumers using internet search engines searching the internet for genuine or authorized TEFLON® products to defendant's site.

23. Upon information and belief, the aforementioned misuse of the TEFLON® Mark by defendant Chesterton was done by the defendant with the intent of deceiving or misleading customers into mistakenly believing that said Chesterton Products contained genuine or authorized TEFLON® products originating from DuPont or its related companies and otherwise misappropriating the goodwill built up by DuPont in the TEFLON® Mark and otherwise attracting and misdirecting consumers looking for genuine or authorized TEFLON® brand goods to defendant Chesterton's website.

24. Prior to commencing this lawsuit, DuPont and its representatives communicated directly with defendant Chesterton and its representatives in an attempt to resolve this matter without the necessity of bringing this lawsuit, but defendant Chesterton has refused to cease all unauthorized use of the TEFLON® Mark as requested by DuPont and continues to deliberately and intentionally use the mark without the consent of DuPont.

25. The misuse of the TEFLON® Mark by defendant Chesterton was intended to cause, has caused and is likely to continue to cause consumer confusion, mistake or deception including the misleading of consumers into mistakenly believing that the defendant's Chesterton Unauthorized Products contain genuine DuPont TEFLON®

2094559-1   7

product or DuPont has authorized or licensed the use by defendant of the TEFLON® trademark for those products.

26.     The aforementioned misuse of the TEFLON® Mark by defendant Chesterton is damaging to the reputation and goodwill of the DuPont TEFLON® Mark.

27.     Upon information and belief, the aforesaid acts of defendant Chesterton have caused and, unless enjoined, will continue to cause irreparable damage to DuPont and to the reputation of its valuable TEFLON® Brand.

28.     DuPont has no adequate remedy at law.

### COUNT I

**Trademark Infringement Under**

**The United States Trademark**

**Act (15 U.S.C. 1114 (1))**

29.     DuPont repeats the allegations set forth in Paragraphs 1 through 28.

30.     The complained of acts constitute willful, deliberate and intentional infringement of plaintiff's federally registered trademarks for the TEFLON® Mark in violation of §32(1) of the Lanham Act (15 U.S.C. §1114(1)).

### COUNT II

**Trademark Counterfeiting Under**

**The United States Trademark**

**Act (15 U.S.C. 1114(1))**

31.     DuPont repeats the allegations set forth in Paragraphs 1 through 30.

32. The complained of acts constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

## COUNT III

## False Designation Of Origin And Unfair Competition Under The United States Trademark Act (15 U.S.C. 1125(a))

33. DuPont repeats the allegations set forth in paragraphs 1 through 32.

34. The complained of acts constitute willful, deliberate and intentional false designations of origin as to products and services made available by defendant and unfair competition in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## COUNT IV

## False Descriptions Of Fact And Representations And False Advertising Under The United States Trademark Act (15 U.S.C. 1125(a))

35. DuPont repeats the allegations set forth in paragraphs 1 through 34.

36. The complained of acts constitute willful, deliberate and intentional false and misleading descriptions of fact, false and misleading representations of fact and false advertising in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## COUNT V

### Trademark Dilution

### Under The United States Trademark Act

### (15 U.S.C. 1125(c))

37. DuPont repeats the allegations set forth in paragraphs 1 through 36.

38. The complained of acts have diluted and damaged the distinctive quality of DuPont's famous TEFLON® Mark and constitute trademark dilution of a famous mark in violation of §43(c) of the Lanham Act (15 U.S.C. §1125(c)).

## COUNT VI

### Common Law State Trademark Infringement

39. DuPont repeats the allegations set forth in Paragraphs 1 through 38.

40. Defendants' actions constitute trademark infringement under the common law of the Commonwealth of Massachusetts.

41. Defendants' conduct as alleged above has damaged and will continue to damage DuPont's goodwill and reputation and has resulted in losses to DuPont and an illicit gain of profits to Defendants in an amount that is unknown at the present time.

42. Defendants' conduct complained herein constitutes malice, oppression and/or fraud entitling Plaintiff to recover punitive damages.

## COUNT VII

## Unfair and Deceptive Trade Practices

## (M.G.L.c.93A, §§ 2 and 11)

43. DuPont repeats the allegations set forth in Paragraphs 1 through 42.

44. Plaintiff is a person who engages in the conduct of trade or commerce as defined by G.L. c. 93A, § 11.

45. Defendant Chesterton is a person who engages in the conduct of trade or commerce as defined by G.L. c. 93A, § 11.

46. On information and belief, each one of the "DOE 1 through 100" Defendants is a person who engages in the conduct of trade or commerce as defined by G.L. c. 93A, § 11.

47. On September 27, 2010, October 7, 2010, and October 25, 2010, Plaintiff, through its counsel, sent Defendants written cease and desist letters, identifying and reasonably describing their unfair or deceptive acts and/or practices. Since those dates numerous instances of communications via email have taken place in regards to said unfair or deceptive acts and/or practices.

48. As of this date, Defendants, and each of them, have failed and/or refused to respond to Plaintiff's letters and/or emails.

49. As of this date, Defendants, and each of them, have further failed and/or refused to cease their use of the Plaintiff's TEFLON® Mark.

50. Defendants' continued unlawful use of the TEFLON® Mark constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of Massachusetts law.

51. Defendants' employment of the unfair and deceptive practices described above constituted willful or knowing violations of G.L. c. 93A, § 2.

52. Defendants' unlawful use of the TEFLON® Mark occurred primarily and substantially within the Commonwealth.

53. Such conduct on Defendants' part has caused and will continue to cause damages to Plaintiff.

## COUNT VIII

### Accounting

### Common Law

54. DuPont repeats the allegations set forth in Paragraphs 1 through 53.

55. Defendants' activities, as alleged above, have violated Plaintiff's right in the TEFLON® Mark under common law.

56. As a direct result of the infringing activities, Defendants have been unjustly enriched through fraudulent conversion of Plaintiff's goodwill and rights in its trademark into their own profits through the sale of infringing products and has caused Plaintiff to lose sales of its genuine goods and services.

57. As a direct result of Defendants' misconduct, Defendants have received substantial profits, to which Plaintiff is entitled under common law.

58.     The amount of said profits is unknown to Plaintiff and cannot be ascertained without an accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff E.I. du Pont de Nemours and Company prays for judgment as follows:

1.      That judgment be entered in favor of plaintiff on all causes of action set forth herein.

2.      That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), plaintiff be awarded monetary damages, as determined by the Court, to recover the damages incurred by plaintiff.

3.      That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), plaintiff be awarded its costs.

4.      That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), plaintiff be awarded all defendant's profits.

5.      That the amounts in paragraphs 2, 3 and 4 of this prayer be trebled or otherwise multiplied to the extent permitted by statute.

6.      Plaintiff reserves the right to elect statutory damages up to and including $1,000,000 per counterfeit mark pursuant to 15 U.S.C. 1117(c).

7.      That Defendants A.W. CHESTERTON AND COMPANY, Does 1 through 100, their officers, directors, members, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in privity or acting in

concert or participation with defendants, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

    (a)    claiming or representing that any products and/or services sold by defendants contains genuine TEFLON® fluoropolymer products;

    (b)    using, in any manner, or holding itself out as having rights to use, the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark to designate, describe or refer to themselves or in conjunction with any product or service, including any use in conjunction with any Internet activities conducted by it or on its behalf such as any use as a domain name or in the text, graphics and hypertext metatags of any Internet website;

    (c)    requesting or inducing Internet search engines to display links to the defendants' website or other websites displaying or promoting defendants' products or services when potential consumers using those search engines search for terms containing variations of the TEFLON® Mark;

    (d)    selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark in conjunction with any product or service; and

    (e)    engaging in any course of conduct likely to cause confusion, deception or mistake or injure plaintiff's business reputation or dilute the TEFLON® Mark or appropriate the good will and reputation of said mark or lead to the passing off of defendants' products and services as TEFLON® products and services.

Engaging in any course of conduct likely to cause confusion, deception or mistake or injure plaintiff's business reputation or dilute the TEFLON® Mark or appropriate the good will and reputation of said mark or lead to the passing off of defendant's products as TEFLON® products.

8. That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

9. That the Court award to Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

10. That the Court require a full and complete accounting of all monies received by Defendants as a result of the infringement.

11. That defendants be required to deliver to Plaintiff all merchandise, packaging, labels, boxes, cartons, advertising, brochures, plates, molds, documents, advertising and promotional materials and other things, possessed, used or distributed by defendant, or on its behalf, which refer to the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark.

12. That plaintiff be awarded the costs of this action and its disbursements, and reasonable attorney's and investigatory fees incurred and as otherwise appropriate herein pursuant to 15 U.S.C. §1117 or other appropriate statute or law.

13. For interest on all amounts found to be due to Plaintiff from Defendants, at the prevailing rate, from the date of said amounts or any part thereof became or becomes due.

14. That the Court require Defendants to notify their commercial associates, dealers, master distributors, suppliers and customers of this Order.

15. That plaintiff be granted such other monetary, equitable and further relief, as this Court may deem appropriate under federal, state and common law.

16. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violation thereof.

## **DEMAND FOR JURY TRIAL**

DuPont hereby demands a jury trial on all issues so triable.

/s/ Michael P. Connolly
Michael P. Connolly - BBO 637642
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Phone – (617) 457-4000
Fax – (617) 482-3868
mconnolly@murthalaw.com

and

ANDREA E. BATES
California State Bar No. 192491
*(admission pro hac vice pending)*
MICHAEL A. BOSWELL
California State Bar No. 198994
*(admission pro hac vice pending)*
BATES & BATES, LLC
964 DeKalb Avenue, Suite 101
Atlanta, Georgia 30307
Phone (866) 701-0404
Fax (404) 963-6231

ABates@Bates-Bates.com
MBoswell@Bates-Bates.com

Attorneys for PLAINTIFF
E.I. DUPONT DE NEMOURS
AND COMPANY

DATED: March 8, 2011